

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6019
James.Mirro@ag.ny.gov

October 7, 2022

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application **GRANTED**.  The case is stayed until **January 10, 2023**.  Plaintiff's motion for a preliminary injunction is denied without prejudice to renewal, and all conferences are **canceled**.  By **January 17, 2023**, the parties shall file a joint status letter.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 14.

Dated: October 12, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  *Sisters of Life v. Mary T. Bassett, Commissioner of the New York State Department of Health, in her Official Capacity*
USDC SDNY Civil Action No. 1:22-cv-07529 (LGS)

Dear Judge Schofield:

This office represents the defendant, Mary T. Bassett, Commissioner of the New York State Department of Health (hereinafter defendant or "DOH") in this action.

Plaintiff filed the Complaint herein on September 2, 2022 and its motion for a preliminary injunction on September 16, 2022.  The Court has ordered that defendant's opposition to the motion be filed on October 14, 2022 and its response to the Complaint be filed on October 13, 2022, among other deadlines.

In late September, shortly after receipt of the filings in this case, undersigned counsel met and conferred with plaintiff's counsel to discuss various scheduling matters.  That conversation has continued and broadened, resulting in an agreement between the parties to request that the Court temporarily stay this litigation while protecting the interests asserted by the plaintiff.

Thus, the parties now propose to stay the litigation, including all pending deadlines, for ninety (90) days from the date of the Court's order on this application (the "Stay Period").  The defendant DOH has agreed not to request any documents or information from the Plaintiff under the Statute during the Stay Period.

The Honorable Lorna G. Schofield
October 7, 2022
Page 2 of 2

      Either party may also opt to terminate the Stay Period prior to the expiration of the ninety (90) days. At the expiration or termination of the Stay Period, the defendant has agreed not to request any documents or information from plaintiff for the additional period of time that may be required for the plaintiff to recommence a preliminary injunction motion, brief that motion, and for the Court to issue a decision on that motion. Conversely, plaintiff agrees to provide the defendant a reasonable amount of time to respond to a renewed preliminary injunction motion.

      Defendant DOH has further agreed that if it intends to commence the process of issuing document or information requests to other entities under the Statute within the Stay Period, it will notify plaintiff at that time, to allow plaintiff the option of terminating the Stay Period and reinstating this litigation, including its motion for preliminary injunction.

      Finally, if further litigation is required, the parties have agreed to submit to the Court a proposed schedule for the completion of briefing on the preliminary injunction motion and other matters as required by the Federal Rules of Civil Procedure and Your Honor's individual practices.

      Both parties have reviewed and consented to the foregoing terms and respectfully request that the Court adopt the proposed stay by "so ordering" it.

      The parties thank the Court for its assistance in this matter.

Respectfully submitted,

/s/

James Mirro
Assistant Attorney General

cc: All Counsel (by ECF)